May Term,
1858.

HELFER
v.
JELLY.

*J. A. Fay* and *N. Trusler,* for the appellee.

---

## HELFER v. JELLY.

Suit upon a promissory note, commenced before a justice of the peace. There was no answer. From the evidence it appeared that the defense was, a failure of consideration. There was no testimony as to what the note was given for; but the bill of exceptions stated that it was alleged by the defendant, and not denied by the plaintiff, that the cause had been tried before the justice upon its merits—no one pretending that the note was given for any other consideration than a certain buggy, or that the parties had ever had any other dealings. The evidence was directed to the value, &c., of the buggy, which was in the possession of the defendant. In the absence of pleadings and evidence upon the point—*held,* that the statement sufficiently showed that the note was given for the buggy.

*Held*, also, that the action having originated before a justice of the peace, evidence of a failure of consideration was admissible without plea.

May Term, 1858.

HELFER
v.
JELLY.

*Wednesday, June 16.*

APPEAL from the *Ohio* Court of Common Pleas.

HANNA, J.—This was a suit commenced before a justice of the peace on a promissory note. Judgment for the defendant. Appeal to the Common Pleas Court; trial by the Court, and judgment for the defendant.

There was no answer filed. From the evidence admitted and placed upon record by a bill of exceptions, the defense attempted to be made thereby appears to have been a failure of consideration.

There is an entire absence of testimony as to what the note sued on was given for; but the following statement is inserted in the bill of exceptions:

· " It was alleged by the defendant, and not denied by the plaintiff, that the cause had been tried before the justice of the peace on its merits—no one pretending that the note in question was given for any other consideration than the buggy, or that the parties had ever had any other dealings together."

The evidence was directed to the value and deficiencies of a certain buggy in the possession of the defendant. In the absence of pleadings and evidence upon the point, does the above quoted statement, contained in the bill of exceptions, sufficiently show that the note was given for the buggy about which proof was offered? We think it does. There are many concessions made, and matters taken as conceded, during the progress of trials, which in terms have not been conceded or admitted, that it is difficult from any thing that may be placed upon paper, to fully understand and appreciate.

Objection is made to the sufficiency of the evidence to sustain the finding of the Court; but as the testimony tends to sustain the defense to which it was directed, we will not disturb such finding if the testimony was, under the pleadings, properly admitted.

There was no affirmative answer. The testimony as to the failure of consideration of the note was for that reason objected to. This action having originated before a justice

May Term,
1858.

VANLIEW
v.
THE STATE.

of the peace is governed by the practice in that Court, where all matter of defense, except the statute of limitations, set-off and matter in abatement, may be given in evidence without plea. 2 R. S. p. 455. This was not a set-off, as contended by the appellant, but a matter going to the essence of the cause of action or contract, in the form of a total failure of consideration.

*Per Curiam.*—The judgment is affirmed with costs.

, *T. Gazlay,* for the appellant.